FILED
JAN - 6 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BERNARDO MENDIA,
        Plaintiff(s),

vs.

KARA PORTNOW, et al.,
        Defendant(s).

No. C 08-4884 CRB (PR)

ORDER OF DISMISSAL

Plaintiff, a prisoner at the Alameda County Jail, has filed a pro se civil rights complaint for damages under 42 U.S.C. § 1983 alleging that deputy public defender Kara Portnow failed to provide him with effective assistance of counsel.

**DISCUSSION**

A.   <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." <u>Id.</u> § 1915A(b). Pro se pleadings must be liberally construed. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

1  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

The complaint must be dismissed for failure to state a claim under § 1983 because it is well-established that a public defender does not act under color of state law when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments. Polk County v. Dodson, 454 U.S. 312, 318-19 (1981). It matters not that the public defender failed to exercise independent judgment or that she was employed by a public agency; it is the nature and context of the function performed by the public defender that is determinative under Dodson. Miranda v. Clark County, Nevada, 319 F.3d 465, 468 (9th Cir. 2003) (en banc).

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED under the authority of 28 U.S.C. § 1915A(b).

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot, and close the file.

SO ORDERED.

DATED: Jan. 06, 2009

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.08\Mendia, B4.dismissal.wpd         2